**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **AIR-EVAC EMS, INC., MED-TRANS CORPORATION, GUARDIAN FLIGHT LLC, AND REACH AIR MEDICAL SERVICES LLC,** | § | |
| ***Plaintiffs,*** | § | **Civil Action No. 3:26-cv-01021-SVN** |
| **v.** | § | |
| **AETNA LIFE INSURANCE COMPANY AND AETNA HEALTH, INC.,** | § | |
| ***Defendants.*** | § | |

## AGREED SUPPLEMENT TO STANDING PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Court has considered the Unopposed Motion for Entry of Agreed Supplement to Standing Protective Order filed by Defendants Aetna Life Insurance Company and Aetna Health, Inc. with no opposition from Plaintiffs Air-Evac EMS, Inc., Med-Trans Corporation, Guardian Flight LLC, and Reach Air Medical Services LLC. The Court finds and concludes that good cause exists to enter this Agreed Supplement to Standing Protective Order ("Order"), which modifies the standing protective order previously entered in this matter [Dkt. 9]. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation. The Court therefore ORDERS:

**<u>Paragraph 3 of the Order is supplemented as follows:</u>**

3. "CONFIDENTIAL" information also includes (d) proprietary technical, scientific, financial, business, health, or medical information, including commercially sensitive or proprietary information and protected health information and/or medical record information deemed private

under state and federal laws, as applicable, including but not limited to the Health Insurance Portability and Accountability Act of 1996 and regulations promulgated thereunder, (e) Protected Health Information ("PHI"), as defined by HIPAA and the regulations promulgated thereunder (*see* 45 C.F.R. parts 160 and 164), (f) Confidential Health Information, meaning information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber.

Confidential Health Information shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (see 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

a. names;

b. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

c. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

d. telephone numbers;

e. fax numbers;

f. electronic mail addresses;

g. social security numbers;

h. medical record numbers;

i. health plan beneficiary numbers;

j. account numbers;

k. certificate/license numbers;

l. vehicle identifiers and serial numbers, including license plate numbers;

m. device identifiers and serial numbers;

n. web universal resource locators ("URLs");

o. internet protocol ("IP") address numbers;

p. biometric identifiers, including finger and voice prints;

q. full face photographic images and any comparable images; and/or

r. any other unique identifying number, characteristic, or code.

**<u>Paragraph 5 of the Order is supplemented as follows:</u>**

**5.** Designated Material may further be disclosed to:

f. *Prior Authors and Recipients:* Persons who were authors or recipients of the Designated Material or previously had legal access to such Designated Material.

h. *Adjudicators:* Any judge with jurisdiction over this proceeding or any appeal hereof, including any authorized personnel of such Court, any jury, and any arbitrator or mediator selected or agreed-upon by the Parties or assigned in connection with this Litigation to hear this matter, and his or her staff, provided that such individuals agree in writing, in the form attached as Exhibit A to be bound by the terms of this Order;

i. *Prior employees:* Any past employee of a named Party, or its affiliate(s), to this Litigation whose access to Designated Material counsel or the Party employing deems necessary for purposes of preparation, pretrial discovery, and proceedings, trial, appeal, settlement, or administration of this Litigation;

**<u>Paragraph 10 of the Order is supplemented as follows:</u>**

10. Time when the Parties shall designate materials as "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY": (a) for documents: at the time when copies of documents are furnished to a Party conducting discovery, or when such documents are otherwise disclosed; (b) for discovery responses, briefs, memoranda, and all other papers sent to the Court or to opposing counsel: when such papers are served; (c) at trial or in a hearing: by

requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information, any jury, and court personnel, and to designate the transcript appropriately.

Designated Material shall not lose its character because it is designated as an exhibit to a deposition (if any), regardless of whether the deposition or deposition transcript itself is later designated, in whole or part. Nothing in this Order shall be construed as an agreement or acknowledgment by the non-producing Party that any document, testimony, or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" constitutes a trade secret or is in fact confidential.

**Paragraph 11 of the Order is supplemented as follows:**

11. The Parties will use reasonable care to avoid designating any documents or information as Designated Material that is not entitled to such designation or which is generally available to the public. The Parties shall designate only that part of a document or deposition that is Designated Material, rather than the entire document or deposition.

**Paragraph 12 of the Order is supplemented as follows:**

12. Inadvertent Failure to Designate, Production, and Disclosure of Designated Material. In the event that a Party inadvertently produces Designated Material, without the required designation pursuant to paragraph 3, the producing Party shall contact the receiving Party as promptly as reasonably possible after the discovery of the inadvertent production, and inform the receiving Party in writing of the inadvertent production and the specific material at issue. Following such notice of an inadvertent production, the producing Party may also substitute any documents that were inadvertently or unintentionally produced without the "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" designation for documents containing

such designation. Upon such a request for substitution, the receiving Party must permanently delete or return the unmarked documents to the producing Party within fifteen business days.

In the event of an inadvertent disclosure of another Party's Designated Material to a person not named in paragraph 5, the Party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Designated Material subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Designated Material by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the person not named in paragraph 5; and (iii) notify the producing Party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

It shall be understood, however, that no person or Party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

**Paragraph 16 of the Order is supplemented as follows:**

However, subject to continuing restrictions on the use of Designated Material set forth herein, counsel of record and in-house counsel for the Parties are permitted to retain copies of all pleadings, motions, depositions and hearing transcripts (and exhibits thereto), exhibits, and attorney work product that contain Designated Material (other than PHI) consistent with his or her ordinary file management and/or document retention policies and/or those of his or her firm. The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other Party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other Party shall notify the producing Party

in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the Parties or by the Court.

**The Order is supplemented with the following additional paragraphs:**

21. Scope of Protection. This Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto. This Order shall apply to the Parties and to any non-party from whom discovery may be sought who desires the protection of this Order.

22. Specific Provisions Concerning Disclosure of PHI. Pursuant to 45 C.F.R. § 164.512 and this Order, the Parties are authorized to receive, subpoena, transmit, or disclose Protected Health Information ("PHI") concerning the medical claims, including underlying services, at issue in this Litigation, subject to the terms of this Order. This Order does not otherwise alter any confidentiality obligations that a Party may have at law or under another agreement.

Upon receipt of any PHI disclosed between the Parties during the course of this Litigation, the receiving Party shall take all measures necessary for protecting the PHI from unauthorized disclosure as required under both state and federal law including, but not limited to, 45 C.F.R. § 164.500, et seq., and any other relevant state or federal law. Notwithstanding any other provisions of this Order, neither Party shall be entitled to receive the following information:

a. Non-party individual information relating in any way to the human immunodeficiency virus (HIV) or acquired immunodeficiency syndrome (AIDS), including but not limited to evidence that an HIV test was performed, test results, and any diagnoses.

b. Non-party individual information relating to diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, including alcoholism or drug addiction.

c. Non-party individual information relating to genetic testing, defined as a presymptomatic laboratory test that analyzes the individual's DNA, RNA, proteins, or chromosomes and is performed to identify any genetic variation, composition, or alteration that is associated with the individual's having a predisposition for developing or being a carrier of a clinically recognized disease, disorder, or syndrome.

d. Non-party individual information to the extent that the disclosure of such information would be inconsistent with any relevant state laws or regulations protecting the privacy or confidentiality of such information; provided, however, that nothing herein shall prevent either Party from seeking further orders from the Court in order to comply with individual state requirements, as may be necessary and appropriate as the case progresses.

Nothing in this Order prevents a Party from de-identifying PHI to prevent unnecessary disclosure where appropriate in the Party's discretion.

23. The Parties' Right to Disclose and Use Designated Material, **.** Information that has been designated Confidential shall be disclosed by the receiving Party only to the categories of persons defined in paragraph 5. All such persons shall hold such information received from the disclosing Party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated Confidential shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

All documents, including attorney notes and abstracts, which contain another Party's Designated Material, shall be handled as if they were designated CONFIDENTIAL.

Nothing in this Order shall be construed to limit in any way the right of a Party or its affiliates to use any Designated Material that it produced (to the other Party) for any purpose that state and federal law would otherwise permit.

Nothing in this Order shall preclude a Party from offering into evidence at any hearing documents or information designated as Designated Material, subject to the rules of evidence and any other Party's objections as to the admissibility or claims of confidentiality of the document or information. The Court may take such measures, as it deems appropriate, to protect the claimed confidential nature of the document or information sought to be admitted and to protect the Designated Material from disclosure to persons other than those identified in paragraph 7, as supplemented, and who have signed Exhibit A, where necessary, under this Order.

24. Use of Discovery Material in Conjunction with Generative Artificial Intelligence. Designated Material shall not be inputted into any generative artificial intelligence tool or platform (i.e. ChatGPT, Google Gemini, Microsoft CoPilot, etc.) or any substantially similar tool, with the exception of (1) secure electronic discovery platforms in which access is limited to attorneys working on this Action, and (2) enterprise generative artificial intelligence tools that do not train on or retain submitted data and do not disclose any data to third parties (e.g., Harvey, Legora). Providing Designated Material to such a tool or platform beyond the limited exceptions outlined in this paragraph is considered disclosure to a third party. For avoidance of doubt, any output or result generated by a permissible generative artificial intelligence tool that contains, reflects, incorporates, or is derived from Designated Material will be deemed attorney work product. The attorney-work-product protections set forth in this Paragraph include any prompts, queries, instructions, inputs, outputs, logs, model or tool settings, and similar materials created by or for a Party, its counsel, any litigation support vendor or consultant, or any expert in connection with this action, including such materials used in connection with the work of any expert. Nothing in this Paragraph limits any disclosure required by Rule 26(a)(2) or the Court's authority to order disclosure for good cause.

25. Compulsory Disclosure to Third Parties. If a Party is subpoenaed in another action or proceeding or served with a court order or other valid order seeking the Designated Material, including PHI, or a producing Party in this case, this section applies. Unless prohibited by law or court proceedings from doing so, the receiving Party shall give prompt written notice to counsel for the producing Party and allow the producing Party an opportunity to oppose such subpoena or order, prior to the deadline for complying with the subpoena or order. Further, nothing in this section authorizes the production of PHI of the producing Party unless the subpoena or order received otherwise complies with HIPAA and applicable state law regarding the production of confidential health information. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

26. Disputes. Any dispute concerning the application of this Order shall be heard by the Court upon motion by the objecting Party. Any violation of this Order may result in sanctions and costs.

27. No Waiver or Modification. Nothing in this Order shall waive or modify any past, present, or future duty as to confidentiality, if any, which may arise independently whether by contract or otherwise.

28. Non-Parties. Any non-party who produces documents or other information in response to discovery requests or subpoenas in this Litigation shall be entitled to the benefits and protections of this Order and shall be entitled to seek additional protections. The Parties agree that they will treat Designated Material produced by non-parties according to the terms of this Order. Non-parties may challenge the confidentiality of Designated Material by filing a motion to intervene and a motion to de-designate.

29. Jurisdiction to Enforce Protective Order. Following the conclusion of this Litigation, the Court will continue to have jurisdiction to enforce this Order and the Parties and non-parties reserve all rights to apply to an appropriate court or arbitrator for an order: (1) enforcing this Order (including by sanctions as authorized by statute, rule, and the inherent power of the Court or arbitrator); (2) modifying this Order; or (3) seeking other or additional protection against discovery or use of Designated Material.

30. Confidentiality of Party's Own Documents. Nothing herein shall affect the right of the designating Party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Order and shall not entitle other Parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating Party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a Party from showing its own information, including its own information that is filed under seal by a Party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

31. Binding Effect. This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

32. Ongoing Obligations. Insofar as the provisions of this Order restrict the disclosure and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this Litigation.

33. Exhibit A to the Order [Dkt. 9 at 6] is replaced by Exhibit A to this Agreed Supplement to Standing Protective Order.

IT IS SO ORDERED.

Sarala V. Nagala Digitally signed by Sarala V. Nagala
Date: 2026.11.04 08:44:24 -05'00'

The Honorable Sarala V. Nagala
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **AIR-EVAC EMS, INC., MED-TRANS CORPORATION, GUARDIAN FLIGHT LLC, AND REACH AIR MEDICAL SERVICES LLC,** | § | |
| ***Plaintiffs,*** | § | **Civil Action No. 3:26-cv-01021-SVN** |
| **v.** | § | |
| **AETNA LIFE INSURANCE COMPANY AND AETNA HEALTH, INC.,** | § | |
| ***Defendants.*** | § | |

## EXHIBIT A - AGREEMENT

I, ___________________________________________ (name), declare that:

1. My address is ____________________________________________________________.

   My current employer is ____________________________________________________.

   My current occupation is ___________________________________________________.

2. I have received a copy of the Standing Protective Order, as modified by the Agreed Supplement to the Standing Protective Order (the "Protective Order") in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order and agree to be bound by it. I will hold in confidence, will not disclose to anyone not qualified to receive Designated Material under the Protective Order, and will only use any Designated Material or information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY that is disclosed to me for purposes of this action.

4. Promptly upon request, after being notified of the termination of the relevant action and any appeal, I will either return in full or completely and fully delete and destroy all documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY in my possession and all documents and things that I have prepared relating to such information.
5. I understand that the obligations of this undertaking and the provisions of the Protective Order continue past the termination of the action.
6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

________________________________
Signature

________________________________
Date

Signed in the presence of:

________________________________
Attorney Signature

________________________________
Attorney Printed Name